IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ESTELLA NEAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 1:09cv826-WC |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Plaintiff Estella Neal applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 401 *et seq,* and for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381, *et seq.* Her applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. (Tr. 36-49). The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner),[1] *see Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986), although, because the Appeals Council received and considered additional evidence, the Appeals

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

Council's decision to deny review and/or remand to the ALJ is itself subject to judicial review. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1266 (11th Cir. 2007). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #10); Def.'s Consent to Jurisdiction (Doc. #11). Based on the Court's review of the record and the briefs of the parties, the Court REVERSES the decision of the Commissioner and REMANDS to the Commissioner for further proceedings.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

>    impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of
>    Impairments]
>    (4) Is the person unable to perform his or her former occupation?
>    (5) Is the person unable to perform any other work within the economy?
>
>    An affirmative answer to any of the above questions leads either to the next
>    question, or, on steps three and five, to a finding of disability.  A negative
>    answer to any question, other than step three, leads to a determination of "not
>    disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To

---

  [3]     *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

---

[4]   *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-eight years old at the time of the hearing before the ALJ. Tr. 11. Plaintiff did not complete the eighth grade. Tr. 11. The ALJ found that Plaintiff's past relevant work experience was as a cook. Tr. 47. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 17, 2007, the alleged onset date of her disability (Step 1). Tr. 38. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "Cervical disc herniation status post cervical diskectomy and fusion at the C4-5 level and degenerative disc disease of the cervical spine." Tr. 39. The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ." (Step 3) Tr. 42. Next, the ALJ articulated Plaintiff's RFC as follows:

> the claimant has the residual functional capacity to perform a wide range of light work. The claimant has not had significant work-related mental limitations. The claimant's specific physical capacities and limitations during the period of adjudication have been the ability to sit for a total of about 6 hours during an 8-hour workday; the ability to stand and/or walk for a total of about 6 hours during an 8-hour workday; the ability to frequently lift and/or

5

carry up to 10 pounds; the ability to occasionally lift and/or carry up to 20 pounds; the ability to frequently reach overhead and forward with her upper extremities; the ability to occasionally climb, balance, stoop, and kneel; and the environmental restrictions of occasional exposure to extreme cold, extreme heat, and wetness/humidity and no exposure to vibration, fumes, noxious odors, dust, mists, gases, or poor ventilation, proximity to moving mechanical parts, and working in high, exposed places. The claimant has no other postural, manipulative, visual communicative, or environmental limitations.

Tr. 44. Given this RFC, the ALJ determined that Plaintiff can not perform any past relevant work (Step 4). Tr. 47. Next, the ALJ found that, given Plaintiff's age, education, work experience, and RFC, and after consulting with a vocational expert, "there are jobs that exist in significant numbers in the national economy" which Plaintiff can perform. (Step 5) Tr. 48. The ALJ found that, at the light exertional level, such occupations include: "Cafeteria Attendant," "Short Order Cook," "Fast Food Worker," and "Counter Clerk." Tr. 48. Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from May 17, 2007, through the date of this decision." Tr. 49.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff alleges four errors requiring reversal of the Commissioner's decision: (1) Plaintiff "underwent an MRI on 9/18/2009, subsequent to the hearing, which was not considered in the ALJ's decision;" (2) "the ALJ improperly rejected [Plaintiff's] testimony concerning the effects and resulting limitations imposed by the combination of her medically determinable impairments;" (3) "the ALJ failed to fulfill his duty to fully and fairly develop the record regarding [Plaintiff's] alleged mental impairment by not ordering a psychiatric

consultative exam;" and (4) "the ALJ erred by failing to find [Plaintiff's] depression a severe impairment." Pl.'s Brief (Doc. #13) at 9-10.

## V. DISCUSSION

### A. Plaintiff's submission of new evidence.

Plaintiff claims that "the Commissioner's decision should be reversed, because [Plaintiff] underwent an MRI on 9/18/2009,[5] subsequent to the hearing, which was not considered in the ALJ's decision." Pl.'s Brief (Doc. #13) at 10. Plaintiff claims that the results of the MRI acquired after the hearing before the ALJ could possibly have changed the outcome of the ALJ's decision. *Id.* at 11. In particular, Plaintiff states that the ALJ relied upon a "lack of objective evidence as a justification for not finding [Plaintiff] disabled," but that the MRI clearly provides the sort of objective evidence which the ALJ would find probative. *Id.* Defendant, on the other hand, maintains that Plaintiff's "new evidence . . . is not material and Plaintiff has not demonstrated good cause for obtaining and submitting the evidence after the AC's denial," and that, therefore, reversal of the ALJ's decision on the basis of new evidence is unwarranted.

The Court must first address Defendant's apparent confusion about the timing of the MRI scan. As discussed *infra*, n.5, both Plaintiff and Defendant mistakenly attribute

---

[5] Although Plaintiff states that the MRI took place on "9/18/2009," the record indicates that the MRI actually took place on September 18, 2008. *See* Tr. 198. Defendant, perhaps relying upon Plaintiff's erroneous assertion, also repeatedly refers to a "2009 MRI scan." *See* Def.'s Brief (Doc. #14) at 13, 14.

September of 2009 as the date of the MRI. While Plaintiff's mistake is mere oversight, Defendant's mistake is not so innocuous. Perhaps laboring under the mistaken belief that the MRI actually took place in September of 2009, Defendant states, erroneously, that the "Plaintiff submitted evidence that was created after the AC's denial of review." Def.'s Brief (Doc. #14) at 13; *id.* at 12, 14. In fact, the evidence was submitted to the Appeals Council and considered before the Council denied review on July 29, 2009. *See* Tr. 4. Thus, Defendant's argument that Plaintiff's new evidence is not "relevant," "probative," or "material" appears calibrated upon a simple misunderstanding of the timing, and import, of the new evidence.

Plaintiff has explicitly challenged "the Commissioner's decision" in light of her newly submitted evidence. Because Plaintiff does not limit her challenge merely to the ALJ's decision, the Court construes Plaintiff's challenge as applicable to both the ALJ's decision to deny benefits and the Appeals Council's decision to deny review or remand on the basis of the new evidence. "[A] federal district court must consider evidence not submitted to the administrative law judge but considered by the Appeals Council when that court reviews the Commissioner's decision denying Social Security Benefits." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1258 (11th Cir. 2007). Because the new evidence cited by Plaintiff was submitted to, and considered by, the Appeals Council and made a part of the administrative record, any remand on the basis of such evidence can only be made pursuant to sentence four of 42 U.S.C. § 405(g), rather than sentence six, which concerns "evidence

not presented to the Commissioner at any stage of the administrative process." *Id*. at 1267-69. As explained in *Ingram*, the Eleventh Circuit's recent precedents on the issue of judicial review of evidence first submitted to the Appeals Council have clouded the determination of the standards to be applied by a reviewing court in considering whether remand is appropriate for reconsideration of such evidence. According to the Court in *Ingram*, recent Circuit authority has, perhaps improperly, incorporated the standard for judging whether remand on the basis of new evidence pursuant to sentence six into sentence four cases involving evidence considered by the Appeals Council and made a part of the administrative record. *Id*; *see also Poellnitz v. Astrue*, 349 F. App'x 500, 503-05 (11th Cir. 2009). In order to obtain a remand to the Commissioner on the basis of new evidence under sentence six, the plaintiff must show that "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable probability that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Vega v. Commissioner of Social Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001). On the other hand, a remand under sentence four where new evidence was presented to the Appeals Council is appropriate if "'the Appeals Council did not adequately consider the additional evidence.'" *Ingram,* 496 F.3d at 1268 (quoting *Bowen v. Heckler*, 748 F.2d 629, 636 (11th Cir. 1984).[6] While some variant of the first two prongs of

---

[6] *See also Robinson v. Astrue*, 365 F. App'x 993, 996 (11th Cir. 2010) ("The Appeals Council must consider new, material, and chronologically relevant evidence and must remand the case if the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record. The Appeals Council must show in its written denial of review that

the sentence six inquiry appear reasonable in gauging whether a sentence four remand might be appropriate, the third prong, concerning "good cause for the failure to submit the evidence at the administrative level," is clearly out of place in the sentence four context because evidence considered by the Appeals Council manifestly has been submitted "at the administrative level." Indeed, while recent authority makes clear that the Eleventh Circuit is yet to "firmly establish[] whether a claimant who first presents additional evidence to the AC is required to demonstrate good cause to warrant remand," *Poellnitz*, 349 F. App'x at 504, it appears the Court has at least implicitly endorsed the abandonment of such a requirement in the sentence four context. *See Hoffman v. Astrue*, 259 F. App'x 213, 220 (11th Cir. 2007) ("Notably, the Appeals Council's remand power does not include a requirement that the claimant show good cause.").

      The additional evidence submitted by Plaintiff concerns a September, 2008, MRI scan in which the examining physician observed "Extruded disc fragment and/or osteophyte at C3-4 on the left impinging on and displacing the cord with probable impingement on the origin of the existing nerve roots at this level." Tr. 198. As Plaintiff asserts, this evidence appears to fill a void in the medical evidence in the record identified by the ALJ when discounting Plaintiff's complaints of pain. *See* Tr. 46 ("There is no objective medical evidence to indicate that the claimant suffers from any severe acute or chronic vertebrogenic related

---

it has adequately considered the new evidence. The Appeals Council may deny review if, even in light of the new evidence, it finds no error in the opinion of the ALJ.") (internal quotations and citations omitted).

disorders such as disc herniation, **nerve root impingement**, severe spinal stenosis, or severe facet joint hypertrophy.") (emphasis added).

Assuming, *arguendo*, that the Court is to apply the three-part sentence six standard discussed previously in this context, the Court finds that, given the ALJ's professed concern about the lack of "objective medical evidence," the new evidence submitted by Plaintiff is certainly "new" and "noncumulative." Moreover, considering that the evidence did not exist prior to the ALJ's decision, the Court finds good cause for the failure to submit it to the ALJ. Thus, the Court turns to the remaining factor to be considered, the materiality of the new evidence. The Court notes that a determination of the "materiality" of the new evidence also informs the analysis of whether a sentence four remand is appropriate due to the Appeals Council's purported failure to adequately consider the new evidence. While it is apparent that the Appeals Council did consider the evidence, gauging the adequacy of such consideration is difficult given the Council's summary denial of review. To synthesize these two inquiries, the Court must determine whether, had the ALJ considered the new evidence, the outcome might have been different. Resolution of this inquiry speaks to the materiality of the new evidence, the adequacy of the Appeals Council's review of the evidence, and the overall evidentiary support for the Commissioner's decision.

In this case, the Court finds that, had the ALJ considered Plaintiff's new evidence, "'there is a reasonable possibility that it would change the administrative result.'" *Robinson v. Astrue*, 365 F. App'x at 996 (quoting *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir.

1987)). As stated above, Plaintiff's September, 2008, MRI scan provides the precise sort of "objective medical evidence" identified by the ALJ as lacking in the record before him. Because the ALJ also emphasized the considerable evidence in the record that Plaintiff engaged in "symptom magnification" and seemed motivated by secondary gain, *see* Tr. 45-46, the ALJ's reliance on the lack of "objective medical evidence" only buttressed his findings about the credibility of Plaintiff's subjective pain testimony. Had the ALJ been confronted with the sort of "objective medical evidence" provided by the September, 2008, MRI, as well as any corresponding opinion evidence in light of the MRI, perhaps the ALJ would have reassessed his credibility findings with respect to Plaintiff's pain testimony. The Court does not here conclude that Plaintiff's new evidence establishes disability or even that it should materially alter the Commissioner's ultimate decision upon review. Rather, the Court is troubled by the fact that neither the Appeals Council, nor the Commissioner in his brief before this Court, have articulated how Plaintiff's new evidence was "adequately considered," yet ultimately rejected. Accordingly, the Court finds that remand of this matter to the Commissioner is appropriate so that Plaintiff's claim can be reconsidered in light of the new evidence and meaningful explanation of its effect on the Commissioner's decision can be rendered.

## VI.    CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this matter

is REMANDED to the Commissioner for further proceedings consistent with this opinion.

A separate judgment will issue.

DONE this 10th day of August, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE